UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| ROBERT W. JOHNSON; ROBERT JAMES SWINT, also known as ROBERT W. JOHNSON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DONALD J. TRUMP ET AL. | ) ) | Case No. 2:23-cv-471 |
| v. | ) ) | |
| GEORGIA PACIFIC CORPORATION; FORT JAMES CORPORATION | ) ) ) | Case No. 2:23-cv-472 |
| v. | ) ) | |
| JASON ROBERT STONE, | ) ) | Case No. 2:23-cv-473 |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND ORDERING PLAINTIFF TO SHOW CAUSE
<u>WHY A FILING INJUNCTION SHOULD NOT BE ISSUED</u>**

The Report and Recommendation of the United States Magistrate Judge ("R & R") was issued November 17, 2023. No objection having been filed, after careful review of the file and the R & R, this court ADOPTS the recommendations as explained below and Plaintiff's Complaints are DISMISSED.

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405.

On November 17, 2023, Magistrate Judge Kevin J. Doyle granted Plaintiff Robert W. Johnson, a New York state resident representing himself, permission to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 in these three cases.[1]  Magistrate Judge Doyle proceeded to review the allegations of Plaintiff's three proposed Complaints and determined that the factual allegations "simply do not suggest a discernible legal claim."  (Doc. 3 at 6.)  As a result, he recommended that Plaintiff's Complaints be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and that Plaintiff be denied leave to amend in light of his abusive litigation history.

After detailing Plaintiff's litigation history, the Magistrate Judge further recommended that, in light of Plaintiff's history of filing frivolous Complaints in this Court, and the Court's previous advisement that future frivolous filings may warrant an injunction against further filings, Plaintiff be required to show cause why he should not be barred from filing future civil actions IFP without first receiving Court permission to do so.  (Doc. 3.)  Plaintiff did not file any objection to the Report and Recommendation.

The Court agrees that Plaintiff's Complaints should be dismissed without leave to amend.  The Court also incorporates Judge Doyle's analysis regarding the issuance of an Order to Show Cause:

> Plaintiff has been warned that future frivolous filings with no connection to this District may result in a filing injunction.  *See, e.g.*, *Johnson v. Munro Muffler Brake & Serv.*, No. 2:22-cv-30, slip op. at 15 (D. Vt. Apr. 7, 2022).  The Court issued the warning to Plaintiff in light of his history of nonmeritorious *pro se* litigation.  By filing these three additional cases bearing no connection to this District, Plaintiff has disregarded the Court's previous warning.  District courts have the "power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment, and needless expense to [other parties] and an

---

[1] Although each IFP application, and the supporting materials, was submitted by Robert W. Johnson, two of the proposed Complaints are in the name of Robert Swint.  As this anomaly was highlighted by Judge Doyle and Plaintiff did not respond to the R & R, the Court considers that Robert W. Johnson and Robert James Swint are the same person.

unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (alteration in original) (internal quotation marks omitted); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." (internal quotation marks omitted)). Accordingly, a court may prohibit an individual from filing new actions in the venue when he or she "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious[,] or repetitive [filings.]" *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981).

(Doc. 3 at 7.) As Magistrate Doyle indicated, the Court "may not impose a filing injunction on a litigant *sua sponte* without providing [that] litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). Accordingly, Plaintiff is provided the opportunity to explain why such a filing injunction is not appropriate and shall show cause by he should not be barred from filing any future civil actions in this Court IFP without first obtaining permission from the Court to do so. In other words, to submit a memorandum explaining why an order restricting further filings in this Court should not be entered.

## CONCLUSION

After careful review of the file and the R & R, this court ADOPTS Magistrate Judge Doyle's November 17, 2023 Report and Recommendation (Doc. 3). Plaintiff's Complaints are DISMISSED without leave to amend. Plaintiff is ORDERED to show cause why a filing injunction should not be issued. Plaintiff shall file his response on or before January 12, 2024. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 13th day of December 2023.

/s/ William K. Sessions III
_____
William K. Sessions III
District Court Judge

3