UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| ROBERT W. JOHNSON; ROBERT JAMES SWINT, also known as ROBERT W. JOHNSON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DONALD J. TRUMP ET AL. | ) ) | Case No. 2:23-cv-471 |
| v. | ) ) | |
| GEORGIA PACIFIC CORPORATION; FORT JAMES CORPORATION | ) ) ) | Case No. 2:23-cv-472 |
| v. | ) ) | |
| JASON ROBERT STONE, | ) ) | Case No. 2:23-cv-473 |
| Defendants. | ) | |

**OPINION AND ORDER
<u>ENTERING A FILING INJUNCTION</u>**

Plaintiff Robert W. Johnson, a New York state resident representing himself, filed twenty (20) applications to proceed *in forma pauperis* ("IFP") in this Court since February 2022. Following the granting of his IFP applications, each action was dismissed upon review under 28 U.S.C. § 1915(e)(2)(B).[1] On April 7, 2022, Plaintiff was warned that future frivolous filings bearing no connection to this District may result in a filing injunction. *See, e.g., Johnson v. Munro Muffler Brake & Serv.*, No. 2:22-cv-30, slip op. at 13–15 (D. Vt. Apr. 7, 2022).

---

[1] Although the IFP applications filed in 2023 were submitted by Robert W. Johnson, two of the proposed Complaints were in the name of Robert Swint. This anomaly was highlighted by Magistrate Judge Doyle in his November 17, 2023 Report and Recommendation ("R & R") and, because Plaintiff did not respond to the R & R, the Court concluded that Robert W. Johnson and Robert James Swint are the same person. *See Johnson v. Trump*, No. 2:23-cv-471, slip op. at 2 n.1 (D. Vt. Dec. 13, 2023).

On December 13, 2023, because there appeared to be no merit to any of new lawsuits or any connection to this District, the Court issued an Order to Show Cause providing Plaintiff "the opportunity to explain why [] a filing injunction is not appropriate" and requiring him to "show cause [wh]y he should not be barred from filing any future civil actions in this Court IFP without first obtaining permission from the Court to do so." *Johnson*, No. 2:23-cv-471, slip op. at 3. Plaintiff's response was due by January 12, 2024. To date, the Court has received no further filings from Plaintiff.

In the face of repetitive and groundless filings, "[a] district court not only may but should protect its ability to carry out its constitutional functions." *Safir v. United States Lines Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) (cleaned up). District courts have "the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing . . . an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted). Such lawsuits demand substantial judicial resources despite the lack of merit. For this reason, courts may prohibit an individual from filing new actions in the venue when he or she "abuse[s] the process of the [c]ourts . . . with meritless, frivolous, vexatious or repetitive [filings]." *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981); *see also* 28 U.S.C. 1651(a) (granting federal courts the authority to limit access to the courts by vexatious and repetitive litigants). The court, however, "may not impose a filing injunction on a litigant *sua sponte* without providing [that] litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998).

The Second Circuit has instructed district courts to consider the following factors in deciding whether to enjoin the filing of future lawsuits:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursing the litigation, e.g., does the litigant have an objective good faith expectation of

prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir,* 792 F.2d at 24.

In this case, Plaintiff was provided an opportunity to explain to the court why a filing injunction providing for an early review by a judge of the District of Vermont is not appropriate and did not avail himself of the opportunity. The Court has dismissed all twenty cases Plaintiff has attempted to file in this District. He was denied leave to amend for futility. Although he is representing himself, and does not have the benefit of counsel, Plaintiff's suits are causing a burden on the District of Vermont.

In view of the foregoing, the court deems it prudent to institute a modest restriction on his ability to file new actions. Any new case filed by Plaintiff in this court will be reviewed by a judge of the District of Vermont. Thus, if he wishes to commence an action in this court in the future, Plaintiff must file with his proposed complaint a motion for leave to file. A filing appears to have no connection to this District or is otherwise barred will be rejected for filing. If filing is denied, it will be docketed as a closed miscellaneous case.

For the reasons set forth above, Plaintiff Robert W. Johnson; Robert James Swint, also known as Robert W. Johnson, is hereby ENJOINED from filing any new actions in this Court without obtaining prior leave from a district judge.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 26th day of February, 2024.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge